# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREA COSTENBADER,** | : | No. 3:08cv2329 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| **CLASSIC DESIGN HOMES, INC.;** | : | |
| **CLASSIC QUALITY HOMES, INC.;** | : | |
| **DAVID WENGERD;** | : | |
| **STEVEN WENGERD; and** | : | |
| **DES PROPERTIES, INC.,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendants' motion (Doc. 10) to dismiss Counts I, IV, and V of plaintiff's amended complaint (Doc. 4). The matter has been fully briefed and is ripe for disposition.

## BACKGROUND

Plaintiff Andrea Costenbader ("Costenbader") began working as a receptionist for Raymond Bender's ("Bender") construction company, Classic Design Homes, Inc. ("Classic Design") in April of 2005. (Compl. at ¶ 12 (Doc. 1-4)). Costenbader's original complaint alleged repeated instances of verbal and physical sexual harassment and hostility by Bender. (Compl. at ¶¶ 12 to 31). Costenbader has apparently settled her claims against Bender and he has been terminated from this case. (Motion to Dismiss at ¶¶ 1, 2 (Doc. 10)).

David Wengerd, through his company, Classic Quality Homes, Inc. ("Classic Quality") purchased Classic Design from Bender around June 1, 2007. (Am. Compl. at ¶ 11 (Doc. 4); Compl. at ¶ 33). Classic Quality kept all of Bender's employees, except Bender himself. (Id. at ¶ 12). Bender continued to stop by the Classic Quality office, though he no longer worked there. (Id. at ¶ 13). Costenbader alleges that defendants gave Bender permission to return to the office to pick up mail. (Id.) Costenbader further

alleges that shortly after Classic Quality allowed Bender to visit the business she "made Defendants aware that Bender had previously harrassed her and was continuing to do so every time he visited[.]" (Id. at ¶ 14). According to Costenbader, the defendants allowed Bender to continue harrassing her, and "stood by" as Bender became "more aggressive" towards Costenbader and other female employees. (Id. at ¶ 15).

Costenbader alleges that on November 7, 2007 "Defendants permitted Bender into the lobby of the offices where he began to grind his body against Ms. Costenbader's" and defendants "failed to intervene even when they observed Ms. Costenbader move away from Bender and into the receptionist's office, where he pursued her and began to rub himself on her arm until Ms. Costenbader freed herself." (Id. at ¶ 16). Costenbader alleges that on November 9, 2009 "Defendants again allowed Bender into Ms. Costenbader's office" where he sexually assaulted her. (Id. at ¶ 17). Co-worker Annemarie Gentile ("Gentile") witnessed this assault and complained to foreman Gerry Gaito, who allegedly refused to get involved.[1] Id. at ¶ 20).

Costenbader and Gentile allegedly attempted to get others at the company to prevent the harassment. (Id. at ¶ 20). Failing there, Costenbader filed charges with the Pocono Mountain Regional Police. (Id.) Defendants allegedly terminated Costenbader a few days after she filed charges. (Id. at ¶ 21). Costenbader alleges she had been promoted to office manager only days before being fired. (Id. at ¶ 23). According to

---

[1] Ms. Gentile is the plaintiff in the related case Gentile v. Classic Design Homes, Inc. et al, No. 3:08cv2330 (M.D. Pa. filed December 31, 2008).

Costenbader, Gentile was told to tell others that Costenbader had been fired because of a shortage of work. (Id. at ¶ 25). Finally, Costenbader alleges that defendants encouraged the publication of slanderous statements about her and investigated her private affairs to discredit her. (Id. at ¶¶ 25, 26).

Costenbader filed her original complaint in this court on December 31, 2008 (Compl. (Doc. 1)). On April 13, 2009 Costenbader filed her amended complaint which raises six counts: sex discrimination and harassment (Count I); retaliation (Count II); defamation (Count III); tortious interference (Count IV); unpaid wages (Count V); and wrongful discharge (Count VI). (Am. Compl. (Doc. 4)). According to the defendants, plaintiff's claim for defamation is being withdrawn. (Motion to Dismiss at ¶ 13). On June 2, 2009 defendants moved to dismiss plaintiff's claims for sex discrimination and harassment, tortious interference, and unpaid wages, bringing the case to its present posture. (Mot. to Dismiss (Doc. 10)).

**JURISDICTION**

As this case is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e for unlawful employment discrimination, this court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**LEGAL STANDARD**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.

1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Defendants seek dismissal of three of plaintiff's claims. The court will address each claim in turn.

**A.     Count I– Sex Discrimination and Harassment**

The elements of a hostile work environment claim against an employer are: "(1) the employee suffered intentional discrimination because of their sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability." Hutson v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009) (citing Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001); Andrews v. City of Phila., 895 F.2d 1469, 1482 (3d Cir. 1990)). In this context, the fifth element– *respondeat superior*– means notice to the employer, not vicarious liability. Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 n.5 (3d Cir. 1999).

Although the Court of Appeals for the Third Circuit has not addressed the question, lower courts in this circuit and other courts of appeal have held an employer liable for the sexual harassment of its employee by a

5

non-employee "'where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action.'" Graves v. County of Dauphin, 98 F. Supp. 2d 613, 620 (M.D. Pa. 2000) (quoting 29 C.F.R. § 1604.11(e) (1997)). Accord Mongelli v. Red Clay Consol. Sch. Dist. Bd. of Educ., 491 F. Supp. 2d 467, 476 (D. Del. 2007) (compiling cases holding employers liable for harassment by non-employees).

      Defendants argue that Costenbader did not adequately plead notice–that they knew or should have known of the harassment and failed to take prompt remedial action. Costenbader alleges that she "made defendants aware" of Bender's history of harassment shortly after defendants bought the company from Bender. Defendants consider this allegation to be a mere recitation of the element of the claim, and not entitled to a presumption of truth upon a motion to dismiss. Costenbader also alleges that on November 7, 2007 the defendants observed Bender grind against her, saw Costenbader trying to get away from Bender and did not stop him from pursuing her into her office where he harassed her. Defendants argue this allegation does not identify who observed the event or indicate why that observation would give notice that harassment would ensue. Plaintiff alleges that on November 9, 2007 defendants allowed Bender into Costenbader's office where he assaulted her. Gentile allegedly witnessed this assault and complained to the foreman. Defendant argues that Costenbader has not adequately pled how they allowed the assault and note that Gentile's complaint cannot give notice because it came after the fact.

      Accepting as true plaintiff's factual allegations and viewing them in a light most favorable to the plaintiff, plaintiff has stated a plausible claim to relief. Plaintiff alleges that she brought Bender's harassment to

defendants' attention.  This allegation is no mere recitation of an element.
Plaintiff does not simply allege that defendant had notice, but rather that
after defendants purchased the company and before the incidents at issue
here she herself made defendants aware of Bender's behavior.  Exactly
how plaintiff made defendants aware can be explored during discovery.
Similarly, plaintiff alleges that defendants saw some of Bender's actions–
physically grinding against plaintiff and pursuing her through the office–
which, in a light most favorable to plaintiff, could plausibly establish
defendants' notice.  We note further that plaintiff's allegations also satisfy
the remaining elements, and that defendant does not contest them.  For
these reasons the court will deny defendants' motion to dismiss plaintiff's
claim of sexual discrimination and harassment.[2]

### B.  Count IV– Tortious Interference

Under Pennsylvania law, the elements of  intentional interference
with prospective contractual relations are: "(1) a prospective contractual
relationship; (2) a purpose or intent to harm plaintiff by preventing the
relationship from occurring; (3) the absence of privilege or justification on
the part of the defendant; and (4) occurrence of actual damage." Advent
Sys. Ltd. v. Unisys Corp., 925 F.2d 670, 673 (3d Cir. 1991) (citing

---

[2]  Within Costenbader's claim for sexual discrimination and
harassment, she further alleges disparate treatment based on her sex (Am.
Compl. at ¶ 30) and defendants' failure to establish harassment reporting
policies (Am. Compl. at ¶ 36).  Defendants argue that these allegations
should be dismissed for inadequate pleading.  Because Costenbader has
not properly plead factual allegations underlying these two additional
theories, and because Costenbader has stated a claim for sexual
discrimination and harassment by adequately alleging a hostile work
environment, the court will dismiss the allegations of disparate treatment
and failure to establish reporting policies.

Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 471 (1979)).  For a court to find that a prospective contractual relationship existed there must be an "objectively reasonable likelihood or probability that the contemplated contract would have materialized absent the defendant's intereference."  Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 213 (3d Cir. 2009) (internal quotation omitted).

      Costenbader claims that defendants intentionally interfered with her attempts to find new employment.  She alleges that the defendants encouraged the publication of slanderous statements about Costenbader's termination and investigated her private affairs to discredit her.  Defendants argue that Costenbader has not adequately pled the existence of any prospective contractual relationship or what the defendants did to interfere with that relationship.  Costenbader argues that she need not, at this stage, plead the details of how the defendants' actions interfered with her attempts to find a new job.  Costenbader further notes that defendants could have moved for a more definite statement under Rule 12(e).  In their reply brief, defendants note that Costenbader failed to plead the absence of privilege to interfere, precluding a claim for tortious interference.

      Accepting Costenbader's factual allegations as true and drawing all reasonable inferences in her favor, this court determines that Costenbader has not alleged sufficient facts to plausibly state a claim of tortious interference.  Costenbader's amended complaint merely recites the elements of the cause of action.  Nowhere in the amended complaint does Costenbader mention a prospective contractual relationship with any employer or other party.  A mere allegation that she was looking for employment does not establish an objectively reasonable likelihood of a particular contract being entered into.  Nor does she allege facts pertaining to defendants' actions constituting interference with a prospective

contractual relationship. The recitation of the elements of tortious interference without any factual support is not sufficient to overcome a motion to dismiss. Accordingly, the court will dismiss plaintiff's claim of tortious interference.

**C.    Count V– Unpaid Wages**

Costenbader alleges that defendants failed to pay her wages in violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"). See 43 P.S. § 260.5(a) (unpaid wages must be paid to a terminated employee by the next regular payday), § 291 (if an employer requires notice from an employee before his resignation then the employer must give the same notice before terminating him). She alleges that she was not compensated for unused vacation and sick time, per an alleged understanding between the parties. She also alleges that she was not given sufficient notice of her termination.

The WPCL, defendants argue, does not create a right to wages or notice absent an underlying agreement– it only creates a remedy. See Doe v. Kohn Nast & Graf, P.C., 862 F. Supp. 1310, 1325 (E.D. Pa. 1994). Defendants contend that Costenbader has failed to adequately describe the terms of any agreement between the parties regarding unpaid wages, thus there is nothing for the WPCL to remedy. Finally, defendants argue that because Costenbader has not alleged that she was required to give notice if she wanted to resign, defendants were not required to give her notice under section 291. Costenbader simply responds that her allegation that an understanding existed is sufficient to defeat defendants' motion to dismiss.

Accepting Costenbader's factual allegations as true and drawing all reasonable inferences in her favor, Costenbader does not sufficiently allege that she had an express contractual agreement regarding payment

for unused vacation and sick / personal time. Rather, she alleges an "understanding" between her and the defendants to such effect. It is true that the WPCL does not create a statutory right to compensation and that it instead "provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990) ("The contract between the parties governs in determining whether specific wages are earned.") But the contractual obligation giving rise to the claim need not be express; a plaintiff may collect damages under the WPCL for breach of an implied contractual obligation. Id.

The question for this court is not necessarily whether plaintiff alleges sufficient facts to raise a reasonable expectation that the evidence will show an express contract existed, but whether Costenbader pled sufficient facts supporting the existence of an implied contract. Id. (granting summary judgment in favor of the defendant because plaintiff did not plead sufficient facts to support a finding that such an express or implied contract existed). Costenbader does allege that the parties had an agreement with respect to payment of unused vacation and sick time, which is sufficient to overcome a motion to dismiss. The terms of this alleged agreement can be established through discovery.

With respect to Costenbader's claim that she received insufficient notice of her termination, the WCPL only provides a remedy for termination without notice where an employer requires notice before an employee resigns. 43 P.S. § 291. Nowhere in the amended complaint did Costenbader allege that her employer required notice in the event she wished to resign.

As such, the court will deny defendants' motion to dismiss Count V of the amended complaint with respect to unpaid wages, but grant

defendants' motion to dismiss Count V of the amended complaint with respect to alleged insufficient notice.

**CONCLUSION**

    For these reasons the court will grant, in part, and deny, in part, defendants' motion to dismiss plaintiff's amended complaint.  Defendants' motion to dismiss Count I of plaintiff's amended complaint, claiming sex discrimination and harassment will be denied.  Defendants' motion to dismiss Count IV of plaintiff's amended complaint, claiming tortious interference will be granted.  Finally, defendants' motion to dismiss Count V of plaintiff's amended complaint, is denied with respect to plaintiff's claim for unpaid wages and granted with respect to plaintiff's claim for inadequate notice.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA COSTENBADER, **Plaintiff** | No. 3:08cv2329 |
| v. | (Judge Munley) |
| CLASSIC DESIGN HOMES, INC.; CLASSIC QUALITY HOMES, INC.; DAVID WENGERD; STEVEN WENGERD; and DES PROPERTIES, INC., **Defendants** | |

## ORDER

**AND NOW**, to wit, this  16th  day of February 2010, upon consideration of defendants' motion (Doc. 10) to dismiss Counts I, IV, and V of plaintiff's amended complaint, it is HEREBY **ORDERED** THAT:

1. The motion is **DENIED** with respect to Count I– sex discrimination and harassment.

2. The motion is **GRANTED** with respect to Count IV– tortious interference .

3. The motion is **DENIED** with respect to Count V– unpaid wages and **GRANTED** with respect to Count V– inadequate notice.

                                            **BY THE COURT:**

                                            s/ James M. Munley
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**